RICE and another, Appellants, vs. THE ASHLAND REAL ES-
TATE AND IMPROVEMENT COMPANY, Respondent.

*April 20 — September 18, 1888.*

*Counties: Lands sold for taxes: Authority of clerk to execute quitclaim
deed: Repeal of resolutions: Interest.*

In September, 1878, a county board adopted a resolution allowing the
owners of lands upon which the county held tax certificates to
redeem at the rate of seventy-five per cent. of the face of the cer-
tificates. In May, 1879, the board, by resolution, authorized the
county clerk to sell and convey by quitclaim deed any lands held
by the county by virtue of tax deeds, upon the same terms as re-
demptions were allowed by the county, provided the purchaser
should redeem or purchase all tax certificates then owned by the
county upon the lands so deeded, and should further pay fifteen
cents per description for the making of the deed, and ten per cent.
per annum on the gross amount paid, such interest to be computed
from May 1, 1879. In February, 1881, the board directed that there-
after the county clerk should charge the full amount of statutory
fees, penalties, and interest upon all tax and quitclaim deeds exe-
cuted by him, and repealed all resolutions conflicting with such
direction. It also directed that thereafter all redemptions and as-
signments should be at the regular statutory rates, and rescinded
all resolutions allowing lower rates. *Held,* that that portion of the
resolution of May, 1879, which required purchasers to pay ten per
cent. per annum on the gross amount paid was not repealed, and
a quitclaim deed executed by the county clerk to purchasers who
did not make such payment in addition to the taxes, statutory in-
terest, and fees, is void.

APPEAL from the Circuit Court for *Ashland* County.

This is an action of ejectment brought by the plaintiffs
to recover a large number of lots in the city of Ashland,
Ashland county. The complaint is in the statutory form.
The defendant in its answer denies the plaintiffs' title to the
lands claimed, and claims title thereto in itself, under cer-
tain tax deeds executed by the county of Ashland to one
Edwin H. Abbot, and certain mesne conveyances thereof
by Abbot to the defendant.

On the trial of the action the plaintiffs, to maintain the issue on their part, introduced in evidence several tax deeds of the lands in controversy duly executed to Ashland county, dated and recorded in 1879 and 1880, on sales for the nonpayment of taxes assessed on such lands in the years 1873, 1874, and 1875. The plaintiffs also offered in evidence a quitclaim deed of the same lands and lots executed by the county clerk of Ashland county, for and on behalf of said county, to the plaintiffs, dated August 7, 1886. For the purpose of showing the authority of the clerk to execute the last-mentioned conveyance, certain resolutions adopted by the board of supervisors of Ashland county were introduced in evidence. The following is a sufficient summary of such resolutions:

September 4, 1878, the board resolved that all persons owning lands in that county which had been sold for nonpayment of taxes prior to 1879, and on which sales the county held the certificates, might redeem the same by paying seventy-five per cent. of the face of the certificates. November 14, 1878, the board directed the county clerk to execute to the county deeds for any lands upon which the county holds tax certificates for three years or more; and ordered the clerk to sell and convey by quitclaim deed on behalf of the county any lands upon which the county held a tax deed, to any person paying the amount of taxes, interest, and charges due upon such lands. May 8, 1879, the board authorized the county clerk to sell and convey such lands upon the same terms as redemptions are allowed by said county; that is to say, for seventy-five per cent. of the face of the certificates of sale. This resolution contained the following proviso: "Provided always, that such grantee shall redeem or purchase all tax certificates now owned by said county upon the lands so deeded, and shall further pay the sum of fifteen cents per description for the making of such deed, and ten per cent. per annum on the gross amount

paid, such interest to be computed from May 1, 1879."
February 8, 1881, the board adopted the following resolution: "*Resolved*, that from and after this date the county
clerk shall charge the full amount of statutory fees, penalties, and interest upon all tax and quitclaim deeds executed
by him. All resolutions conflicting with this are hereby
repealed. *Resolved*, that from and after this date all redemptions and assignments made in Ashland county shall
be at the regular statutory rates, and all resolutions heretofore passed by the county board allowing lower rates are
hereby rescinded."

The plaintiffs further proved that they paid to the county
clerk, as the consideration of such quitclaim deed to them,
the amount for which the lands were sold at the tax sales,
and twenty-five per cent. interest thereon from the dates of
such sales to the dates respectively of the several tax deeds
executed to the county, together with the legal charges and
fees; also the face value of all certificates of sale thereon
held by the county, upon which no deeds had been issued,
and twenty-five per cent. interest thereon from date of
certificates to date of the conveyance to plaintiffs. These
certificates were issued on sales for nonpayment of the
taxes of 1876, 1877, and 1878.

The circuit court held that the resolutions of the county
board only authorized the county clerk to convey such lands
to the plaintiffs upon payment to him of the amounts for
which the lands were sold, and interest thereon at the rate
of twenty-five per cent. per annum from the dates of sales
to the date of the quitclaim deed to the plaintiffs, in addition to such charges and fees. Because such amount was
not so paid to the clerk, the court further held that the
clerk had no authority to execute the conveyance to the
plaintiffs, and hence that such quitclaim deed was void.
The court thereupon directed a verdict for the defendant,

and judgment against the plaintiffs was rendered accordingly.    Plaintiffs appeal from the judgment.

For the appellants there were briefs by *Brown, Ingalls & Goddard, A. J. Kinney,* and *I. C. Sloan,* and oral argument by *A. C. Brown* and *I. C. Sloan.*

For the respondent there was a brief by *Flanders & Bottum,* attorneys, and *T. L. Kennan,* of counsel, and oral argument by *T. L. Kennan* and *J. G. Flanders.*

The following opinion was filed May 12, 1888:

Lyon, J.    The learned circuit judge held, and we think correctly, that the authority of the county clerk to execute a conveyance of the lots in controversy to the plaintiffs was a mere naked power, and that if the conditions upon which alone he was authorized to make the conveyance to the plaintiffs were not complied with such conveyance is invalid and the plaintiffs took no title under it.    Hence the question is, Were the conditions prescribed in the resolutions of the county board of supervisors, upon which the clerk was authorized to convey the lots, substantially complied with?    That is to say, Did the plaintiffs pay for the lots in controversy the amount which the board required the clerk to demand and receive as a condition precedent to his authority to convey the lots to the plaintiffs?

This brings us to consider the resolutions of the board of supervisors in that behalf.    It seems to us that the true construction and meaning of these resolutions is not doubtful or difficult to be ascertained.    The resolution of May 8, 1879, allowed the clerk to sell the lots for seventy-five per cent. of the face value of the certificates of sale, together with certain fees arbitrarily fixed without regard to the statute, and interest at the rate of ten per cent. per annum on the gross amount paid, to be computed from May 1, 1879, to the date of the conveyance executed pursuant to the resolution.    The resolution of February 8, 1881, only

repeals former resolutions conflicting with it, leaving those not conflicting with it in full force. That resolution repealed the provision in the resolution of May 8, 1879, which allowed sales for seventy-five per cent. of the face value of the certificates, and required that the full face value thereof, with the statutory interest added, should thereafter be paid. It also repealed that portion of the same resolution which fixed arbitrary fees for making the deed, and required that the statutory fees should thereafter be paid. But the provisions of the resolution of May 8, 1879, which authorized the clerk to sell and convey lands held by the county under tax deeds, and which required him to demand and receive for such conveyances, in addition to taxes, statutory interest, and fees, ten per cent. per annum on the gross amount paid from May 1, 1879, to the date of the conveyance executed under the authority of the resolution, are not in conflict with the resolution of February 8, 1881, and were not repealed thereby. The plaintiffs did not pay such ten per cent. interest, the amount of which is several hundred dollars. Because they did not do so, it must be held that the county clerk had no authority to execute such conveyance to the plaintiffs, and the same is therefore void. It will be seen that we construe the resolutions differently from the circuit court, but the result is the same.

It was argued that there is proof tending to show a ratification by the board of supervisors of the conveyance executed by the county clerk to the plaintiffs, and that the question of ratification should have been submitted to the jury. A careful examination of the testimony fails to disclose any evidence sufficient to send that question to the jury.

*By the Court.*— The judgment of the circuit court is affirmed.

A motion for a rehearing was denied September 18, 1888.